UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY K. BARKER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | Case No. 13-CV-1517-CBM<br><br>**ORDER RULING ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFFS' MOTION FOR REMAND** |

Before the Court are the following:

- Motion to Dismiss filed by Defendants Internal Revenue Service and the United States. (Docket No. 17.)
- Motion to Dismiss filed by Defendants Douglas Schulman, Maria Martinez, Colleen Rowe, J. Russell George. (Docket No. 18.)
- Motion to Dismiss filed by Defendant County of Butte. (Docket No. 19.)
- Motion to Dismiss filed by Defendant James Greiner. (Docket No. 20.)
- Motion to Dismiss filed by Defendant Joseph Wiseman. (Docket No. 32.)
- Notice of Joinder filed by Defendants City of Chico and Kirk Trostle.

1

(Docket No. 38.)

- "Objection to Defendants' Removal" filed by Plaintiff Randy Barker, which the Court interprets as a Motion for Remand. (Docket No. 29.)

The Court denies Plaintiff Randy Barker's Motion for Remand.

Defendant IRS is dismissed from this case because the Defendant United States has substituted for Defendant IRS.

The Court dismisses the Second, Fourth, Fifth, and Tenth Causes of Action without prejudice as to all remaining Defendants.

Plaintiffs' Third Cause of Action is dismissed without prejudice as to Defendants City of Chico and County of Butte. Plaintiffs' Third Cause of Action is dismissed with prejudice as to the remaining Defendants.

The Court dismisses the First, Sixth, Seventh, Eighth, Ninth, and Eleventh Causes of Action with prejudice as to all Defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The case arises from the arrest and prosecution of Plaintiff Randy Barker and his wife, Tamara Barker (the "Barkers"). The Barkers engaged in a tax fraud scheme, by which the Barkers obtained a $987,000 fraudulent tax refund from the Internal Revenue Service ("IRS"). Tragically, on August 21, 2012, Ms. Barker committed suicide during the pendency of the criminal litigation. (CR 12-266 Docket No. 33.) On February 14, 2013, Plaintiff Randy Barker was convicted in the criminal litigation of three counts and later sentenced to 46 months in custody followed by 36 months of supervised release. (CR 12-266, Docket No. 171.)

On June 28, 2013, Plaintiff Randy Barker and his son Plaintiff Jason Barker filed the instant Complaint, styled as "Verified Complaint For Trespass: Wrongful Death," in Butte County, California Superior Court. (Notice of Removal at 2:4-6 (the "Complaint") (Docket No. 1).) Defendants include:

1. The IRS;

2. Jared Dolan, an attorney at the U.S. Attorney's Office;
3. Douglas Schulman, a former Commissioner of the IRS ("Schulman");
4. J. Russell George, the Treasury Inspector General for Tax Administration ("George");
5. Maria Martinez, an IRS special agent ("Martinez");
6. Colleen Rowe, an IRS special agent ("Rowe");
7. Matthew Bockman, a "federally appointed attorney;"
8. Joseph Wiseman, one of Plaintiff Randy Barker's former attorneys ("Wiseman");
9. James Greiner, one of Plaintiff Randy Barker's former attorneys ("Greiner");
10. The State of California;
11. The County of Butte (the "County");
12. The City of Chico;
13. Kirk Trostle, the chief of the Chico Police Department ("Trostle");
14. Unnamed Chico Police Officer #1;
15. The United States.

On July 25, 2013, three of the Defendants—the former Commissioner of the IRS and the two IRS special agents—removed the Complaint to federal court. On August 27, 2013, Plaintiff Randy Barker filed a document called "Objection to Defendants' Removal," which the Court interprets to be a Motion for Remand.

Plaintiffs' 105-page Complaint contains numerous conclusory, outlandish, and offensive statements. Much of Plaintiffs' allegations relate to the July 12, 2012 arrest of the Barkers at their residence. (Compl. ¶¶ 4.04-4.07.) Plaintiffs allege in conclusory fashion that the Barkers were "illegally taken and kidnapped" by law enforcement, who then "unlawfully assaulted and battered" and "falsely imprisoned" the couple as part of a "military aggression." (*Id*. at ¶ 4.07.)

Plaintiffs allege that (1) law enforcement should not have arrested the

Barkers and instead should have only issued a summons; (2) Defendant Martinez (one of the IRS special agents) drafted a false criminal complaint; (3) Defendants Wiseman and Greiner (two of Plaintiff Randy Barker's former appointed criminal attorneys), along with others, prevented Plaintiff Randy Barker from accessing the Superior Court in Chico, California on October 30, 2012.  (*See id.* at ¶¶ 5.02, 5.57, 5.85.)

Plaintiffs allege eleven causes of action:

1. "SLAPP suit;"
2. Wrongful Death;
3. *Monell* Claims;
4. Ralph Civil Rights Act under Cal. Civ. Code § 51.7;
5. Wrongful Death Due to Negligence;
6. Civil RICO;
7. Treason;
8. Cruel and Inhumane Punishment;
9. Cruel and Inhumane Punishment (styled as "Reestablishment of Debtors Prisons");
10. Trespass;
11. Invalidity of Title 18 of the United States Code.

All causes of action are directed at all Defendants.  Plaintiffs seek $55.3 million in damages.  (*Id*. at ¶ 11.04.)

In August and September 2013, the moving Defendants filed the instant Motions.  Plaintiffs have not opposed any of the Motions.  On October 31, 2013, Plaintiff Randy Barker self-surrendered to law enforcement to begin a 46-month prison sentence.  (Notice of Incarceration at 1 (Docket No. 41).)  Plaintiff Randy Barker is imprisoned at FCI Herlong in Herlong, California.

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). On a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013) (citations omitted). If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Somers*, 729 F.3d at 960.

A complaint may be dismissed for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). And, a complaint may be dismissed for insufficient service of process. FED. R. CIV. P. 12(b)(5).

## III.   DISCUSSION

### A.   Plaintiff Randy Barker's Motion for Remand

The Individual IRS Defendants removed the case to the Eastern District of California under 28 U.S.C. §§ 1441(a) and 1442(a)(1). Under 28 U.S.C. § 1442(a)(1), a civil action against the United States, any agency of the United

5

States, or any officer of the United States may be removed to federal district court. 28 U.S.C. § 1442(a)(1).  The Individual IRS Defendants can unilaterally remove the case to federal court under 28 U.S.C. § 1442(a)(1) without the consent of the other Defendants.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).  Furthermore, Plaintiff Randy Barker's argument that remand is appropriate because he believes the Eastern District is corrupt is not persuasive. Courts have rejected similarly unsupported arguments in other cases.  *See, e.g.*, *Resendez v. United States*, 96 Fed. Cl. 283, 287 (Fed. Cl. 2010) (rejecting fanciful claims that the federal government and the state of Texas engaged in conspiracy against the plaintiff).

Plaintiff Randy Barker's Motion for Remand is denied.  Plaintiff Randy Barker's objections to Defendants' removal are denied.  The Court finds that the case was properly removed and that the Court has jurisdiction over this matter.

**B.     Substitution of Defendants**

**1.     Substitution of United States for Defendant IRS**

The IRS is not a suable entity and a suit against the IRS is actually a suit against the United States.  *See Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 96 L. Ed. 534 (1952); *White v. IRS*, 790 F. Supp. 1017, 1019 (D. Nev. 1990) (citing *Blackmar* and holding that "agencies such as the IRS are not suable entities"); *Chang v. Shin*, No. CV 01-9672 DT (CWX), 2002 WL 1299873, *9 (C.D. Cal. Apr. 1, 2002) (Tevrizian, J.) (citing *Blackmar* and holding that "neither the Department of Treasury nor the IRS is an entity subject to suit").

Defendant United States is substituted for Defendant IRS in this matter. Defendant United States has requested that Defendant IRS be dismissed because Defendant United States has been substituted for Defendant IRS.  Defendant IRS is hereby dismissed from this case.

### 2. Substitution of United States for the Individual IRS Defendants and the Inspector General in their Official Capacities

Defendants Schulman (the former IRS Commissioner), Martinez (an IRS special agent), Rowe (another IRS special agent) (collectively the "Individual IRS Defendants"), and George (the Treasury Inspector General) jointly filed a Motion to Dismiss. Plaintiff sued the Individual IRS Defendants and Defendant George in both their official and individual capacities. (Compl. ¶¶ 3.12-3.15.) These Defendants request that the United States be substituted for them in this litigation. (Ind. IRS Motion at 6:10-16; Notice of Substitution (Docket No. 16).)

Substitution is not appropriate here. The Federal Tort Claims Act (the "FTCA") provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). Indeed, "a suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.3d 1455, 1458 (9th Cir. 1985).

However, there are two exceptions to this rule: (1) civil actions for violations under the U.S. Constitution (*i.e.*, *Bivens* claims) may be brought against a federal employee, and (2) violations of a federal statute where individual suits are authorized. 28 U.S.C. § 2679(b)(2). Plaintiffs allege that the Individual IRS Defendants and Defendant George acted in their individual capacities (as well as their official capacities). (Compl. ¶¶ 3.12-3.15.) These Defendants have provided evidence that they were acting only in their official capacities. (Aug. 26, 2013 Declaration of David Shelledy ¶ 2 (Docket No. 16).) The Court cannot consider evidence in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless certain circumstances—which do not apply in this case—are present. *Cf. Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Plaintiffs' allegations, to the extent they raise *Bivens* claims or claims against individuals authorized by a statute, could raise claims that are properly directed at these four Defendants. Accordingly, the Court denies the Individual IRS Defendants and Defendant George's request to substitute Defendant United States for them.

### C. Rule 8 Violations

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A district court may dismiss a case for failure to comply with Rule 8. FED. R. CIV. P. 41(b). Plaintiffs' 105-page Complaint is verbose and confusing. Most problematically, the Complaint repeatedly alleges in generic fashion that "Defendants" acted unlawfully, without specifying which of the fifteen Defendants. Courts have dismissed similar cases with leave to amend for failure to comply with Rule 8. *See, e.g.*, *Mendez v. Trinh*, No. SACV 11-1237 AG (ANx) (Docket No. 41), 2-4 (C.D. Cal. Dec. 9, 2011) (Guilford, J.) (dismissing without prejudice because "there is no way for Defendants to prepare an answer to the Complaint as drafted"); *see also McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming dismissal with prejudice under Rule 8).

Here, the Complaint is so verbose and confusing that there is no way for Defendants to prepare answers to the Complaint as drafted. Plaintiff's violations of Rule 8 merit dismissal. As discussed below, Plaintiff's Complaint is dismissed for additional reasons.

### D. Local Rule Violations

Plaintiffs did not timely oppose any of the pending Motions to Dismiss. The Court deems Plaintiffs' failure to timely oppose the Motions consent to the granting of the Motions. C.D. Cal. R. 7-12; *see also* Sept. 4, 2013 Standing Order

at 1 (Docket No. 34).

### E. California Government Claims Act and Federal Tort Claims Act

The California Government Claims Act (the "GCA") requires a plaintiff to first present his tort claims against California government entities prior to filing suit. CAL. GOV'T CODE § 905, 910, 945.4; *see also Canova v. Trustees of Imperial Irrigation Dist. Emp. Pension Plan*, 150 Cal. App. 4th 1487, 1496-97 (2007). The GCA requires that a cause of action relating to personal injuries must be presented within six months after the accrual of the cause of action, while claims relating to other causes of action must be presented within one year after accrual. CAL. GOV'T CODE § 911.2; *see also Canova*, 150 Cal. App. 4th at 1496.

Under the FTCA, the United States has waived its sovereign immunity to permit suit for negligent or wrong acts of its employees that result in injury or property loss. 28 U.S.C. § 2674. To sue under the FTCA, a plaintiff must first present his claim to the appropriate federal agency. 28 U.S.C. § 2675(a).

Here, Plaintiffs have not alleged that they presented their claims to the appropriate California or federal entities. Accordingly, Plaintiffs have not complied with the GCA or FTCA. Therefore, any causes of action directed at California government entities must be dismissed without prejudice. Similarly, any causes of action directed against the United States must be dismissed without prejudice. Plaintiffs may choose to file an amended complaint. If Plaintiffs have complied with the GCA and FTCA and choose to file an amended complaint, Plaintiffs' amended complaint must allege facts showing that they complied with the GCA and FTCA.

### F. First Cause of Action: SLAPP Suit

Plaintiffs' First Cause of Action is styled as "CCP § 425.15 SLAPP Suit."[1]

---

[1] The Court interprets this cause of action as referring to California Civil Procedure § 425.16, California's anti-SLAPP statute. Section 425.15, which Plaintiffs sometimes cite, is not the anti-SLAPP statute.

9

(Compl. at 1.) Plaintiffs direct this cause at all Defendants. (*See id.* at ¶ 5.19.) California's "Anti-SLAPP" statute provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

CAL. CIV. PROC. CODE § 425.16(b)(1). The statute is designed "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). None of Plaintiffs' allegations allege facts showing that an Anti-SLAPP motion under § 425.16 is appropriate in this matter. The Court dismisses the First Cause of Action with prejudice as to all Defendants.

### G. Second Cause of Action: Wrongful Death

This cause of action is styled as a claim for wrongful death. (Compl. at 36.) Confusingly, Plaintiffs also refer to 42 U.S.C. § 1983, the 4th Amendment to the U.S. Constitution, and murder under California Penal Code § 187. (*Id.*) This cause of action is directed at all Defendants. (*See, e.g.*, Compl. ¶¶ 5.34, 5.39.) The Court interprets this cause of action as a cause of action for wrongful death liability.

The elements of a wrongful death cause of action are (1) the defendant committed a tort (negligence or other wrongful act); (2) the tort caused the decedent's death; and (3) pecuniary damages suffered by the heirs of the deceased. Cal. Civ. Proc. §§ 377.60, 377.61; *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006).

Here, Plaintiffs have failed to allege facts satisfying the elements of this cause of action. Plaintiffs allege in conclusory fashion that Defendants—without

specifying which ones—engaged in a "military attack" when law enforcement arrested the Barkers, and that Defendants knew that the arrest would induce Ms. Barker to commit suicide. (Compl. ¶ 5.36.) Plaintiffs also allege in conclusory fashion that the Barkers were "illegally taken and kidnapped" by law enforcement, who then "unlawfully assaulted and battered" and "falsely imprisoned" the Barkers. (*Id.* at ¶ 4.07.) Plaintiffs fail to allege how their arrest was illegal, how law enforcement assaulted and battered them, or how any custody amounted to false imprisonment.[2]

The Court dismisses the Second Cause of Action without prejudice as to all remaining Defendants.

### H.   Third Cause of Action: *Monell* Claims

This cause of action is styled as "Unlawful Custom, Practices & Policies; *Monell* allegations." Municipalities and local government units can be sued under 42 U.S.C. § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To state a claim under *Monell*, Plaintiffs must allege that (1) they possessed a constitutional right of which they were deprived; (2) a municipality or local government unit had a policy; (3) this policy amounts to deliberate indifference to Plaintiffs' constitutional rights; and (4) the policy was the moving force behind the constitutional violation. *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005).

Plaintiffs' allegations fail to state a cause of action under *Monell*. Here,

---

[2] To the extent that Plaintiffs seek to hold state actors liable under 42 U.S.C. § 1983, they "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Plaintiffs have failed to allege facts satisfying these elements.

11

only Defendant County and Defendant City of Chico are local government units or municipalities. *Monell* claims against the other thirteen Defendants fail as a matter of law because they are not local government units or municipalities. Plaintiffs allege in conclusory fashion that Defendants County and City of Chico have a policy of disregarding Plaintiffs' constitutional rights. (Compl. ¶ 5.57.) Furthermore, Plaintiffs fail to allege facts connecting Defendant Martinez (a federal agent working for the IRS) and her allegedly false criminal complaint to any custom or policy of Defendant County and Defendant City of Chico. Lastly, in order for Plaintiffs to prevail on their *Monell* claim, Plaintiff Randy Barker's conviction would need to be set aside first, and they have not alleged that it has been set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Plaintiffs also allege in conclusory fashion that Defendant County, Defendant Trostle, and Defendant City of Chico have a policy of allowing "military attacks" carried out by Defendant IRS. (Compl. ¶¶ 5.52-5.56.) These conclusory allegations lack any factual specificity and fail to allege facts satisfying the elements of a *Monell* claim. Furthermore, as discussed above, Plaintiffs utterly fail to allege facts, other than conclusory assertions, regarding the "military attack" they believe occurred when law enforcement arrested the Barkers in 2012.

Plaintiffs' Third Cause of Action is dismissed without prejudice as to Defendants City of Chico and County of Butte. Plaintiffs' Third Cause of Action is dismissed with prejudice as to the remaining Defendants.

**I.     Fourth Cause of Action: Violation of the Ralph Civil Rights Act**

This cause of action is styled as a cause of action for a violation of the Ralph Civil Rights Act (the "Ralph Act") under California Civil Code § 51.7. The Ralph Act is a hate crime statute, which provides a private cause of action for

violence or threats of violence committed on the basis of protected characteristics, including political opinion. CAL. CIV. CODE § 51.7.  The elements of a Ralph Act cause of action are: (1) the defendant threatened or committed violent acts against the plaintiff; (2) a motivating reason for the defendant's conduct was his perception of the plaintiff's protected characteristic (*e.g.*, political opinion); (3) the plaintiff was harmed; (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 880-81 (2007).

Plaintiffs have failed to allege facts satisfying the elements of a Ralph Act claim.  Plaintiffs only allege that Defendants incorrectly labeled the Barkers as "tax protestors" and that "taxation is the real implementation of slavery."  (Compl. ¶¶ 5.76, 5.74.)  Plaintiffs have failed to allege beyond conclusory statements that any Defendant committed violence or threatened violence because of a protected characteristic.

The Court dismisses Plaintiffs' Fourth Cause of Action without prejudice as to all remaining Defendants.

**J.     Fifth Cause of Action: Wrongful Death Due to Negligence**

This cause of action is styled as "Wrongful death (negligence)."  (Compl. at 60.)  Confusingly, Plaintiffs make reference to California Code of Civil Procedure § 377.10 (defining the term "beneficiary of decedent's estate") and murder statutes under California Penal Code §§ 187-199.  The Court interprets this cause of action as a wrongful death cause of action based on negligence.

The elements of a wrongful death cause of action are (1) the defendant committed a tort (negligence or other wrongful act); (2) the tort caused the decedent's death; and (3) pecuniary damages suffered by the heirs of the deceased. CAL. CIV. PROC. §§ 377.60, 377.61; *Quiroz*, 140 Cal. App. 4th at 1263.  The elements of negligence are (1) the defendant has a legal duty to use due care; (2)

13

the defendant breached the duty; (3) the breach was the proximate cause of the resulting injury. *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970)

Plaintiffs allege here that law enforcement should not have arrested the Barkers and instead should have simply issued a summons. (*See* Compl. ¶ 5.85.) Plaintiffs have not alleged beyond conclusory assertions how any Defendants' decision to arrest the Barkers instead of issuing a summons was a breach of a duty any Defendant owed to the Barkers. Nor have Plaintiffs alleged beyond conclusory statements how any such alleged negligence caused Ms. Barker to commit suicide.

The Fifth Cause of Action is dismissed without prejudice as to all remaining Defendants.

**K.    Sixth Cause of Action: RICO Conspiracy**

This cause of action is styled as "R.I.C.O. Unlawful RICO Conspiracy." (Compl. at 64.) Confusingly, Plaintiffs make reference to California Penal Code § 182 (punishment for criminal conspiracy) and 28 U.S.C. § 1965 (which does not exist). The Court interprets this cause of action as a civil RICO cause of action.

To state a claim under RICO, Plaintiffs must plead facts satisfying five elements: (1) the existence of an enterprise affecting interstate commerce, (2) that Defendants were associated with or employed by the enterprise, (3) that Defendants participated in the conduct of the affairs of the enterprise, (4) that Defendants participated in a pattern of racketeering which included at least two predicate acts; and (5) that Plaintiffs incurred actual injury to business or property. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985).

Plaintiffs have alleged that Defendant IRS is a racketeering enterprise that unlawfully seeks to collect from taxpayers, such as the Barkers, who owe unpaid

taxes. However, the Supreme Court has ruled that the RICO Act was not intended to expose government employees to RICO liability every time they seek to enforce the United States' property claims. *See Wilkie v. Robbins*, 551 U.S. 537, 566, 127 S. Ct. 2588, 168 L. Ed. 2d 389 (2007) ("[I]t is not reasonable to assume that . . . RICO . . . was intended to expose all federal employees . . . to extortion charges whenever they stretch in trying to enforce Government property claims.") (citation omitted). Because Plaintiffs' RICO theory is premised on their assertion that Defendant IRS is a racketeering organization, Plaintiffs' RICO allegations fail as a matter of law.

The Court dismisses the Sixth Cause of Action with prejudice as to all Defendants.

**L.    Seventh Cause of Action: Treason**

This cause of action is styled as "Treason." (Compl. at 73-74.) Plaintiffs rely on Art. III, § 3 of the U.S. Constitution (treason), as well as California Penal Code §§ 37 and 38 (treason and misprision of treason). Confusingly, Plaintiffs also make reference to the California Constitution of 1849, Art. 1, § 2 ("All political power is inherent in the people."); California Government Code § 1027.5 (findings regarding communism); 8 U.S.C. § 1481 (regarding loss of citizenship). The Court interprets this cause of action as an allegation that Defendants committed treason.

Treason under federal law consists of "levying War" against the United States, "adhering" to the United States' enemies, or giving the United States' enemies "Aid and Comfort." U.S. Const. art. III, § 3. Treason under California law consists of "levying war" against California, adhering to its enemies, or giving them aid and comfort. CAL. PENAL CODE § 37. Misprision of treason is the knowledge and concealment of treason against California. CAL. PENAL CODE § 38.

The Seventh Cause of Action is dismissed with prejudice as to all Defendants.

### M. Eighth and Ninth Causes of Action: Cruel and Inhumane Punishment

Plaintiffs' Eighth Cause of Action is styled as "Cruel and Inhumane Punishment." (Compl. at 78) Plaintiffs rely on the 8th Amendment to the U.S. Constitution and California Penal Code § 147 (regarding oppressively treating prisoners). (*Id.*) Confusingly, Plaintiffs also make reference to the 9th Amendment to the U.S. Constitution (construction of enumerated rights); Art. 1, § 6 of the California Constitution (prohibiting slavery); Art. 1, § 12 of the California Constitution (regarding bail); and California Penal Code § 417 (regarding firearms). The Court interprets this cause of action as an allegation that Defendants mistreated Plaintiffs in violation of the 8th Amendment to the U.S. Constitution and/or California Penal Code § 147, which proscribes the oppressive treatment of prisoners.

Plaintiffs' Ninth Cause of Action is styled as "Cruel and Inhumane Punishment Illegal Re-Establishment of Debtors Prisons; Kidnapping and Slavery." (Compl. at 85) Plaintiffs rely on the 8th Amendment to the U.S. Constitution. (*Id.*) Confusingly, Plaintiffs also make reference to the 5th and 9th Amendments to the U.S. Constitution (due process and construction of enumerated rights); Art. 1, §§ 6 and 15 of the California Constitution (regarding slavery and criminal due process); California Civil Code § 52.1 (the Bane Act, an anti-hate statute); California Penal Code § 207 (kidnapping); California Revenue & Taxation Code § 19547.5 (regarding slavery); and "Pub. Contr. C. § 6108(e)(2)(A)" (which could not be located). The Court interprets this cause of action as an allegation that Defendants mistreated Plaintiffs in violation of the 8th Amendment to the U.S. Constitution.

Plaintiffs' Eighth and Ninth Causes of Action fail to state a claim. "[P]retrial detainees are accorded no rights under the Eighth Amendment" because the Eighth Amendment's prohibition of cruel and unusual punishments applies only after a defendant has been convicted and sentenced. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Here, Plaintiffs do not allege that Plaintiff Randy Barker was mistreated while in custody after his conviction (indeed, Plaintiff Randy Barker only started his sentence on October 31, 2013, which was after the instant suit was filed). Instead, the allegations focus on pre-conviction activities, such as the arrest of the Barkers. (*See, e.g.*, Compl. ¶¶ 5.117, 5.119.) Furthermore, there is no private right of action for California Penal Code § 147, a criminal statute. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S. Ct. 1705, 60 L. Ed. 2d 208 (1979) (noting that a private right of action based on a criminal statute is appropriate only when "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone").

The Court dismisses the Eighth and Ninth Causes of Action with prejudice as to all Defendants.

### N. Tenth Cause of Action: Trespass

This cause of action is styled as "Trespass." (Compl. at 80.) Confusingly, Plaintiffs make reference to Art. 1, § 1 of the California Constitution; the 5th and 9th Amendments to the U.S. Constitution (due process and construction of enumerated rights); California Civil Code § 1708 (injuring the property of another); and California Penal Code § 417 (regarding firearms). The Court interprets this cause of action as a trespass claim.

Trespass is an intentional unauthorized entry onto the land of another. *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1480 (1986). The gist of Plaintiffs' allegations appears to be that the 2012 arrest of the Barkers at their home constituted trespass. (*See, e.g.*, Compl. at ¶¶ 5.141, 5.142.) Plaintiffs allege

that law enforcement should not have arrested the Barkers and instead should have simply issued a summons. (*See id*. at ¶ 5.85.) Plaintiffs have not alleged beyond conclusory assertions how any Defendants' decision to arrest the Barkers instead of issuing a summons was unlawful. Nor have Plaintiffs alleged (other than conclusory statements) that law enforcement did not have a valid warrant or other lawful justification for arresting the Barkers.

The Court dismisses the Tenth Cause of Action without prejudice as to all Defendants.

### O.   **Eleventh Cause of Action: Invalidity of Title 18**

This cause of action is styled as "Invalidity of Title 18 (*i.e.*, P.L. 80-772)." (Compl. at 94.) Title 18 contains all federal crime and criminal procedure statutes. Plaintiffs assert that all federal criminal statutes are invalid. Plaintiffs fail to allege any cognizable theory or facts showing that this is true.

The Court dismisses the Eleventh Cause of Action with prejudice as to all Defendants.

### IV.   CONCLUSION

Several Defendants have not moved to dismiss Plaintiffs' Complaint. However, in the interest of judicial efficiency, the Court applies its rulings on the instant Motions to the non-moving Defendants, as well.

The Court denies Plaintiff Randy Barker's Motion for Remand.

Defendant IRS is dismissed from this case because the Defendant United States has substituted for Defendant IRS.

The Court dismisses the Second, Fourth, Fifth, and Tenth Causes of Action without prejudice as to all remaining Defendants.

Plaintiffs' Third Cause of Action is dismissed without prejudice as to Defendants City of Chico and County of Butte. Plaintiffs' Third Cause of Action is dismissed with prejudice as to all remaining Defendants.

The Court dismisses the First, Sixth, Seventh, Eighth, Ninth, and Eleventh Causes of Action with prejudice as to all Defendants.

Plaintiffs may file an amended complaint no later than February 27, 2014. A failure to file an amended complaint will result in dismissal with prejudice.

Additionally, Plaintiffs have failed to effect service on several Defendants during this case. Plaintiffs are reminded that they are required to properly serve any amended complaint according to the relevant rules of civil procedure.

**IT IS SO ORDERED.**

DATED: January 27, 2014   _____

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE